IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Linda Lou Black | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Sharon Renee Black | | |
| | First Name | Middle Name | Last Name |
| Case number (If known) | 19-11444 | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**473.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____% ☐ Debtor 2 ____%

    ☑ Direct to the Trustee for the following reason(s):
    ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ____, ____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Linda Lou Black<br>Sharon Renee Black | | Case number | 19-11444 |
|---|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)    **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (e)    **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Credit Acceptance | 2010 Ford Taurus 160000 miles | 9,933.00 | 6.00% | 100.00 |

   (f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Progressive Leasing | All Collateral | 500.00 | 4.00% | 9.21 |
| Preferred Credit Inc | All Collateral | 1,000.00 | 4.00% | 10.00 |

   (g)    **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at ____ % per annum; **or** ☐ without interest:

None

   (h)`   **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

| Debtor | Linda Lou Black  Sharon Renee Black | Case number | 19-11444 |
|---|---|---|---|

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Social Security Administration** | | **All Collateral** |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Dale's Auto Sales** | **All Collateral** | **Full Satisfaction of the Debt.** |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes,after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph

| Debtor | Linda Lou Black | Case number | 19-11444 |
|---|---|---|---|
| | Sharon Renee Black | | |

8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

• The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of his/her student loan obligations.
• The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his/her bankruptcy.
• Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.
• The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.
• Upon determination by Ed of his/her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his/her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• During the pendency of any application by the Debtor to consolidate his/her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payments of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.
• In the event of any direct payments that are more than 30 days delinquent, the Debtor shall notify his/her attorney, who will in turn notify the Chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
• The Debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.

Provided there is no demand by the mortgage holder(s) for payment of pre-petition debt, the Debtor(s) shall not consider it to be a violation of the automatic stay for Debtor's (Debtors') mortgage holder(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes or outher such notices as the mortgage holder(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of the Debtor(s). Debtor(s) further request the mortgage holder(s) allow the Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (ETFs), telephonic payments, money orders, Western Union or any other manner acceptable to the mortgage holder(s).

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **October 9, 2019**

/s/ **Linda Lou Black**
**Linda Lou Black**
*Debtor 1*

/s/ **Sharon Renee Black**
**Sharon Renee Black**
*Debtor 2*

/s/ **D. Clay Ward**
**D. Clay Ward 736770**
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
|    Linda Lou Black, ) | CASE NO.: 19-11444 |
|    Sharon Renee Black, ) | |
|    Debtors. ) | |

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

**VIA CERTIFIED MAIL**
**Credit Acceptance**
**c/o Officer or Agent for Service**
**25505 West 12 Mile Rd., Suite 3000**
**Southfield, MI 48034-8331**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

**VIA CERTIFIED MAIL**          **VIA CERTIFIED MAIL**
**Prog Leasing LLC**            **Preferred Credit Inc**
**c/o Officer or Agent for Service**  **c/o Officer or Agent for Service**
**256 West Data Drive**         **PO Box 1970**
**Draper, UT 84020-2315**       **St. Cloud, MN 56302-1970**

**VIA CERTIFIED MAIL**
**Social Security Administration**
**c/o Officer or Agent for Service**
**1200 Rev. Abraham Woods, Jr. Blvd.**
**Birmingham, AL 35285-0001**

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

**N/A**

This 15th day of November, 2019.

/s/ D. Clay Ward
D. Clay Ward
Ward and Spires, LLC
445 Walker Street
Augusta, GA 30901
706-724-2640

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-1<br>Case 19-11444-SDB<br>Southern District of Georgia<br>Augusta<br>Fri Nov 15 16:07:57 EST 2019 | Augusta Collection Agc<br>2600 Wrightsboro Rd<br>Augusta GA 30904-5343 | Augusta ENT<br>340 N. Belair Road<br>Evans GA 30809-3000 |
| Linda Lou Black<br>2451 Reese Jones Road<br>Thomson, GA 30824-4813 | Sharon Renee Black<br>2451 Reese Jones Road<br>Thomson, GA 30824-4813 | Christ Community Telfair Medical<br>PO Box 2344<br>Augusta GA 30903-2344 |
| Credit Acceptance<br>25505 West 12 Mile Rd<br>Suite 3000<br>Southfield MI 48034-8331 | Creditors Bureau Assoc<br>Attn: Bankruptcy<br>112 Ward St<br>Macon GA 31204-3147 | Creditors Bureau Associates of Georgia<br>112 Ward St.<br>Macon GA 31204-3147 |
| Dale's Auto Sales<br>1746 Washington Road<br>Thomson GA 30824-7201 | Doctors Hospital Of Augusta<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | ERC/Enhanced Recovery Corp<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville FL 32256-7412 |
| Elite Wound Care Medical Supplies<br>2498B Washington Road<br>Thomson GA 30824 | I.c. System, Inc<br>Po Box 64378<br>Saint Paul MN 55164-0378 | Lanier Collection Agency<br>Attn: Bankruptcy<br>18 Park Of Commerce Blvd<br>Savannah GA 31405-7410 |
| Huon Le<br>P.O. Box 2127<br>Augusta, GA 30903-2127 | MOHELA<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfield MO 63005-1243 | McDuffie County Tax Commissioner<br>PO Box 955<br>Thomson GA 30824-0955 |
| Merchants Credit Bureau<br>PO Box 1588<br>Augusta GA 30903-1588 | Money One Federal Cu<br>5710 Mineral Point<br>Madison WI 53705-4454 | (p)NATIONWIDE RECOVERY SERVICE<br>PO BOX 8005<br>CLEVELAND TN 37320-8005 |
| Natiowide Recovery Service<br>Attn: Bankruptcy<br>Po Box 8005<br>Cleveland TN 37320-8005 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 | Preferred Credit Inc<br>Po Box 1970<br>St Cloud MN 56302-1970 |
| (p)PROG LEASING LLC<br>256 WEST DATA DRIVE<br>DRAPER UT 84020-2315 | QUEENSBOROUGH NATIONAL BANK & TRUST COMPANY<br>P O BOX 467<br>LOUISVILLE, GA 30434-0467 | Queensborough National Bank & Trust<br>113 E. Broad Street<br>PO Box 467<br>Louisville GA 30434-0467 |
| Receivables Management Group<br>Attn: Bankruptcy<br>2901 University Ave. Suite #29<br>Columbus GA 31907-7601 | Social Security Administration<br>1200 Rev. Abraham Woods, Jr. Blvd.<br>Birmingham AL 35285-0001 | Transworld Systems, Inc.<br>500 Virginia Drive<br>Suite 514<br>Fort Washington PA 19034-2733 |

**EXHIBIT 1**

U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul MN 55116-0408

U.S. Department of Education
PO Box 5227
Greenville TX 75403-5227

University Cardiology Assoc.
PO Box 925
Augusta GA 30903-0925

(p)UNIVERSITY HEALTH SERVICES  INC
ATTN COLLECTIONS DIVISION
620 THIRTEENTH ST
AUGUSTA GA 30901-1008

University Hospital McDuffie
PO Box 1228
Augusta GA 30903-1228

Dempsey Clay Ward
Ward & Spires
P O Box 1493
Augusta, GA 30903-1493

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Nationwide Recovery
PO Box 1015
Cleveland TN 37364

Progressive Leasing
10619 South Jordan Gateway
Suite 100
South Jordan UT 84095

University Hospital
1350 Walton Way
Augusta GA 30901

(d)University Hospital
Attn: Bankruptcy
1350 Walton Way
Agusta GA 30901

End of Label Matrix
Mailable recipients    35
Bypassed recipients     0
Total                  35

EXHIBIT 1